# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Richmond Division

KARL ANTHONY TANKSLEY, )
)
        Plaintiff, )
)
v. )   Civil Action No. 3:19cv229–HEH
)
MAYOR C. BRUCE ROSE, *et al.*, )
)
        Defendants. )

## MEMORANDUM OPINION
### (Granting Defendants' Motion to Dismiss)

This matter is currently before the Court on Defendants'—Mayor C. Bruce Rose, Chief of Police Thomas Hopkins, Eric S. Kearney, the City of Wilson, and the Wilson Police Department[1]—Motion to Dismiss (ECF No. 18), filed on May 21, 2019. Plaintiff Karl A. Tanksley ("Plaintiff"), who proceeds *pro se*, filed this suit against fifteen defendants, stating eleven counts, of which nine are relevant here. (Compl., ECF No. 1.) The Wilson Defendants now seek to dismiss each of the nine claims pending against them on several bases, namely Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).[2]

All parties have filed memoranda supporting their respective positions. (ECF Nos. 18, 19, 40, 47.) The Court will dispense with oral argument because the facts and legal

---

[1] The five Defendants relevant here are collectively referred to in this Memorandum Opinion as the "Wilson Defendants" or "Defendants."

[2] Defendants' Motion also raises defenses pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(5). The Court restricts its findings to Defendants' assertions that personal jurisdiction is lacking under 12(b)(2) and Plaintiff fails to state a claim under 12(b)(6). Thus, to the extent Defendants seek to invoke these defenses—improper venue and insufficient service of process— at a future date, they have not been waived by Defendants and remain preserved.

contentions are adequately presented in the materials before it, and oral argument would not aid in the decisional process. *See* E.D. Va. Local Civ. R. 7(J). For the reasons that follow, the Court will grant Defendants' Motion to Dismiss.

## I. BACKGROUND

In April 2013, Wilson County police officers pursued a missing person's report, filed on April 3, 2013, with the Northampton County Sheriff's Office. (Defs.' Mem. Supp. 2, ECF No. 19.) Their investigation led them to the body of Mr. Kirk Alan Lilly, whose last known address was 1390 Old Emporia Road, Gaston, North Carolina 27832. (*Id.* at 3.) This address is Plaintiff's residence. (Compl. ¶ 17; Defs.' Mem. Supp. 3.) Based upon this information, the officers applied for and obtained a search warrant for Plaintiff's home. (Defs.' Mem. Supp. 3.)

On April 9, 2013, pursuant to the search warrant, Officer Eric S. Kearney, Special Agent Justin D. Godwin, and other members of the Wilson Police Department searched Plaintiff's home. (Compl. ¶ 17; Defs.' Mem. Supp. 3.) Following this search, warrants were issued for Plaintiff's arrest, stating charges for "Murder, Concealment of Death, Robbery with a Dangerous Weapon, Trafficking in Heroin/Possess, Trafficking in Heroin/Transport, and Larceny of a Motor Vehicle." (Defs.' Mem. Supp. 3.) On May 8, 2013, Plaintiff was arrested on these charges, and on May 9, 2013, Plaintiff was extradited from Virginia to North Carolina. (Compl. ¶¶ 20, 24; Defs.' Mem. Supp. 3.)

Plaintiff was subsequently booked and held at the Wilson County Jail in North Carolina. (Compl. ¶¶ 35, 30.) On February 3, 2015, Plaintiff was released on bail. (*Id.* at ¶ 49.) Throughout this process, Plaintiff maintained his innocence. (*Id.* at ¶ 23.)

2

Ultimately, each of the charges brought against Plaintiff was dismissed. (Defs.' Mem. Supp. 4.) Following their dismissal, this lawsuit ensued, in which Plaintiff brings claims against the Wilson Defendants for false imprisonment, false arrest, negligence, assault and battery, kidnapping, bribery, breach of duty, conspiracy against rights, and violations of 42 U.S.C. § 1983. The Wilson Defendants now seek to dismiss these claims.

## II. STANDARD OF REVIEW

A motion made pursuant to Federal Rule of Civil Procedure 12(b)(2) challenges the court's exercise of personal jurisdiction over a defendant. "When a court's personal jurisdiction is properly challenged . . . the jurisdictional question thereby raised is one for the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence." *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir. 1993) (citations omitted). "If the existence of jurisdiction turns on disputed factual questions the court may resolve the challenge on the basis of a separate evidentiary hearing." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). When, as here, the court is asked to decide personal jurisdiction without an evidentiary hearing, it may do so based solely on the motion papers, supporting legal memoranda, and the relevant allegations of the complaint. *Mylan Labs*, 2 F.3d at 60. If the court proceeds in this fashion, "the plaintiff need prove only a *prima facie* case of personal jurisdiction," with the court

drawing "all reasonable inferences arising from the proof, and resolv[ing] all factual disputes, in the plaintiff's favor." *Id.* (internal citations omitted).[3]

If Plaintiff makes the requisite showing, Defendant then bears the burden of presenting a "compelling case" that, for other reasons, the exercise of jurisdiction would be so unfair as to violate Due Process. *Burger King v. Rudzewicz*, 471 U.S. 462, 477–78 (1985).[4] Thus, "for a district court to assert personal jurisdiction over a nonresident defendant, two conditions must be satisfied: (1) the exercise of jurisdiction must be authorized under the state's long-arm statute; and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003).

The Virginia Supreme Court has interpreted Virginia's long-arm statute, Va. Code § 8.01-328.1(A), to confer jurisdiction "over nonresidents who engage in some purposeful activity in Virginia, to the extent permissible under the Due Process Clause of the Constitution of the United States." *Nan Ya Plastics Corp. U.S.A. v. DeSantis*, 377 S.E.2d 388, 391 (Va. 1989). Thus, according to the United States Court of Appeals for

---

[3] "If a plaintiff makes a *prima facie* showing, this does not settle the issue, as the plaintiff must eventually prove by a preponderance of the evidence that the assertion of personal jurisdiction over the defendant is proper either at the trial or at an evidentiary hearing." *Jones v. Boto Co.*, 498 F. Supp. 2d 822, 825 n.5 (E.D. Va. 2007) (citing *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 n.5 (4th Cir. 2005)).

[4] In the context of Due Process analysis, courts have distinguished between the exercise of general and of specific jurisdiction. *See ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 624 (4th Cir.1997). Here, Defendant's alleged contacts with the Commonwealth form the basis for the suit, and thus, this Court considers whether these contacts establish specific jurisdiction. *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs.*, 334 F.3d 390, 397 (4th Cir. 2003).

the Fourth Circuit, the statutory and constitutional inquiries merge, and the reviewing court is not required "to go through the normal two-step formula for determining the existence of personal jurisdiction." *Owens-Illinois, Inc. v. Rapid Am. Corp. (In re Celotex Corp.)*, 124 F.3d 619, 627–28 (4th Cir. 1997).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not assert "detailed factual allegations" but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." *Id.* (citations omitted). In considering such a motion, a plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff. *T.G. Slater & Son v. Donald P. & Patricia A. Brennan LLC*, 385 F.3d 836, 841 (4th Cir. 2004) (citation omitted). Legal conclusions enjoy no such deference. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

While a motion to dismiss tests the sufficiency of a complaint, courts may consider documents that are either "explicitly incorporated into the complaint by reference" or "those attached to the complaint as exhibits." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). "[I]n the event of a conflict between the bare allegations of the complaint and any exhibit attached . . ., the exhibit prevails." *Id.* at 166 (quoting *Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991)). This is based on "the presumption that the plaintiff, by basing his claim on the attached document, has adopted as true the contents of that document." *Id.* at 167. However, "before treating the contents of an attached or incorporated document as true, the district court should consider the nature of the document and why the plaintiff attached it," and it should consider whether plaintiff relied on the attachment for its truthfulness. *See id.* at 167–69; *see also Wallace v. Baylouny*, No. 1:16-cv-0047, 2016 WL 3059996, at *4 (E.D. Va. May 31, 2016).

The Court also acknowledges that *pro se* complaints are afforded a liberal construction. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). The Court, however, need not attempt "to discern the unexpressed intent of the plaintiff." *Id.* Nor does the requirement of liberal construction excuse a clear failure in the pleading to allege a federally cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). As the Fourth Circuit articulated in *Beaudett v. City of Hampton*, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." 775 F.2d 1274, 1278 (4th Cir. 1985). "Though [*pro se*] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in

the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Id.* at 1276.

### III. DISCUSSION

**A. Defendant Wilson Police Department is an Improper Party**

Defendant Wilson Police Department is an improper party in this action, as it is not an entity capable of being sued. State law determines whether a governmental body has the capacity to be sued in federal court. Fed. R. Civ. P. 17(b)(2). The Wilson Police Department was organized under the laws of North Carolina; therefore, North Carolina law determines its capacity to be sued.

Under North Carolina law, "the capacity to be sued exists only in persons in being" unless a statute provides otherwise. *Wilson v. Fayetteville Police Dep't*, No. 5:13-CV-178, 2014 WL 555663, at *1 (E.D.N.C. Feb. 11, 2014) (citing *McPherson v. First Citizens Nat'l Bank*, 81 S.E.2d 386, 397 (N.C. 1954)). "In North Carolina[,] there is no statute authorizing suit against a police department." *Id.* (citing *Coleman v. Cooper*, 366 S.E.2d 2, 5 (N.C. 1988), *overruled in part on other grounds by Meyer v. Walls*, 489 S.E.2d 880 (N.C. 1997)). "A municipal police department is a component part of a city and lacks the capacity to be sued." *Id.*

The Fourth Circuit has also affirmed lower courts' holdings that lawsuits brought against municipal police departments are not authorized. *See, e.g., Moore v. City of Asheville*, 290 F. Supp. 2d 664, 673 (W.D.N.C. 2003), *aff'd*, 396 F.3d 385 (4th Cir. 2005) (holding that "under North Carolina law, the Asheville Police Department is not a 'person' and, therefore, lacks the capacity to be sued."); *McCray v. Chapel Hill Police*

7

*Dep't*, No. 1:06CV984, 2008 WL 762260, at *1 (M.D.N.C. Mar. 19, 2008), *aff'd*, 289 F. App'x 605 (4th Cir. 2008) (holding that a police department did not have the capacity to be sued in § 1983 action). This Court similarly finds that the claims against Defendant Wilson Police Department must be dismissed because it does not exist as a separate legal entity and is not capable of being sued.

Plaintiff brings nine claims against Defendant Wilson Police Department: false imprisonment, negligence, assault and battery, kidnapping, and five violations of § 1983. Therefore, insofar as the claims in Counts II, III, IV, VIII, and XI are brought against Defendant Wilson Police Department, they will be dismissed. However, construing Plaintiff's Complaint liberally as this Court must, Plaintiff's claims against the Wilson Police Department will be interpreted as claims against the City of Wilson and will be discussed accordingly in the analysis below.

## B. The Court's Exercise of Personal Jurisdiction Over Plaintiff's Claims

Because it has jurisdictional implications, the Court must initially address Defendants' challenge to personal jurisdiction under Fed. R. Civ. P. 12(b)(2). Under the Due Process Clause, a court may exercise personal jurisdiction over a nonresident defendant only if the defendant has "certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945). Thus, the question for the Court is whether the Wilson Defendants have minimum contacts with Virginia so as to satisfy the requirements of due process. To establish minimum contacts, the Fourth Circuit considers (1) the extent to which the defendant purposefully availed

itself of the privilege of conducting activities in the forum state; (2) whether the plaintiff's claims arise out of those activities; and (3) whether the exercise of personal jurisdiction is constitutionally reasonable. *Tire Eng'g & Distrib., LLC v. Shandong Linglong Rubber Co.*, 682 F.3d 292, 302 (4th Cir. 2012).

Plaintiff asserts nine claims against Defendant City of Wilson, four of which are false imprisonment, assault and battery, and excessive force and deliberate indifference via § 1983. Virginia is the forum chosen by Plaintiff. *See Int'l Shoe Co. v. Wash.*, 326 U.S. at 316 ("A court may exercise personal jurisdiction over a nonresident defendant only if the defendant has *'certain minimum contacts' with the forum state* . . . .") (emphasis added). Yet, the entirety of the misconduct alleged with respect to each of the above-mentioned claims occurred in the state of North Carolina. (*See* Compl. ¶¶ 30, 62.) As a result, it is patently clear that Defendant City of Wilson made insufficient minimum contacts with the state of Virginia to justify this Court's exercise of personal jurisdiction over Plaintiff's false imprisonment, assault and battery, and excessive force and deliberate indifference claims. Thus, Plaintiff's claims against Defendant City of Wilson in Counts II, IV, and XI[5] will be dismissed.

As best as can be discerned, Plaintiff's remaining claims against the Wilson Defendants—which, collectively, include kidnapping, bribery, conspiracy against rights,

---

[5] It appears to the Court that, when construing the Complaint liberally, Plaintiff asserts against Defendant City of Wilson five violations of § 1983. Of Plaintiff's § 1983 claims against Defendant City of Wilson, the Court will dismiss only Plaintiff's excessive force and deliberate indifference claims pursuant to Fed. R. Civ. P. 12(b)(2); the Court finds it may exercise personal jurisdiction over Plaintiff's claims for failure to supervise, failure to train, and false arrest, *see infra*, and will dispose of these claims on different grounds.

negligence, breach of duty, and failure to train, failure to supervise, and false arrest via § 1983—all arise out of the same facts. (*See* Compl. ¶¶ 19–29, 31, 35.) Plaintiff's Complaint does not clearly articulate each Defendant's contacts with the state of Virginia, but it appears that any such remaining contacts arose from Plaintiff's extradition from Virginia to North Carolina. (*Id.*) Drawing all reasonable inferences in Plaintiff's favor, this Court finds each Defendant's contacts with the state of Virginia are sufficient to demonstrate Defendants purposefully availed themselves of benefits of Virginia's laws and to render the exercise of personal jurisdiction constitutionally reasonable because all of the alleged activity occurred within the state of Virginia at a correctional facility in Greensville County, Virginia in connection with Plaintiff's extradition.

Another reviewing court has found the process of extradition sufficient to create personal jurisdiction over the extraditing officer(s) who request and arrange for the extradition of a fugitive to a non-forum state. *See Lee v. City of Los Angeles*, 250 F.3d 668, 693–94 (9th Cir. 2001) (citing activities such as requesting forum state officials to assist in the extradition, regularly communicating with forum state authorities, and traveling to the forum state to escort the fugitive in finding they purposefully availed themselves of the privilege of conducting activities in the forum state). Although the specific details of Plaintiff's remaining claims are difficult to discern from Plaintiff's Complaint, his allegations must be construed liberally. *See Laber*, 438 F.3d at 413 n.3. Therefore, as it pertains to Plaintiff's remaining claims, the Court finds it appropriate to exercise personal jurisdiction.

Accordingly, Defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(2) will be granted to the extent that it pertains to Plaintiff's claims against Defendant City of Wilson in Counts II, IV, and XI for false imprisonment, assault and battery, and excessive force and deliberate indifference via § 1983. However, with regard to Plaintiff's remaining claims against the Wilson Defendants—collectively, those for kidnapping, bribery, conspiracy against rights, negligence, breach of duty, failure to train, and failure to supervise, and false arrest via § 1983—Defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(2) will be denied.

## C. Plaintiff Fails to State a Claim Against Defendants

### a. The Criminal Provisions do not Provide Bases for Civil Causes of Action

The Court will turn next to Defendants' contention that the Complaint fails to state a plausible claim. Plaintiff's kidnapping, bribery, and conspiracy against rights claims fail because Plaintiff does not provide an appropriate basis for any such civil cause of action against Defendants. In Count VIII, Plaintiff names Defendants City of Wilson and Kearney and makes allegations of kidnapping pursuant to 18 U.S.C. § 1201. In Count V, Plaintiff alleges that Defendant Kearney violated 18 U.S.C. § 241, engaging in a "conspiracy against rights." However, §§ 241 and 1201 are criminal provisions and do not provide bases for civil causes of action. *See* 18 U.S.C. §§ 241, 1201. Plaintiff also accuses Defendant Kearney of bribery, but he provides neither a federal nor state statute to support his claim. However, Plaintiff's failure proves inconsequential because, with regard to any such potential bribery claim, no civil cause of action exists. *See* 18 U.S.C. § 201; Va. Code Ann. § 18.2-447; 29 N.C. Code §§ 14-217, 14-218. Therefore,

11

Plaintiff's claims against Defendants City of Wilson and Kearney in Counts V, VII, and VIII for conspiracy against rights, bribery, and kidnapping will be dismissed.

### b. Plaintiff Fails to State a Claim for Negligence Against Defendants

Plaintiff fails to state a negligence claim against Defendant Rose. Because Rose serves as Mayor of the City of Wilson, Rose is entitled to immunity from suit. *See* Fed. R. Civ. P. 17(b); Va. Code Ann. § 15.2-1405. Section 15.2-1405 of the Virginia Code states:

> The members of the governing bodies of any locality or political subdivision and the members of boards, commissions, agencies and authorities thereof and other governing bodies of any local governmental entity . . . shall be immune from suit arising from the exercise or failure to exercise their discretionary or governmental authority as members of the governing body, board, commission, agency or authority . . . However, the immunity granted by this section shall not apply to conduct constituting intentional or willful misconduct or gross negligence.

Plaintiff does not allege any intentional or willful misconduct or gross negligence by Rose. Thus, because Rose is entitled to immunity, Plaintiff's claim against Rose in Count III for negligence will be dismissed.

Plaintiff asserts a claim against Defendant Kearney for "Breach of Duty." Although it is not clear what a "Breach of Duty" claim entails, it appears to be a claim for negligence—if Plaintiff's Complaint is construed liberally. Thus, this Court will interpret Plaintiff's "Breach of Duty" claim against Defendant Kearney as a negligence claim. As a result, Plaintiff appears to assert a claim for negligence against Defendants Hopkins, City of Wilson, and Kearney.

When reviewing a 12(b)(6) motion, the Court "generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred," however, the Court may consider an affirmative defense when there are sufficient facts alleged in the Complaint to address the issues raised. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). Before doing so, the Court must determine which state's substantive law applies to the claim.

A federal district court exercising diversity jurisdiction applies the choice-of-law rules of the forum state. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941). "Virginia applies the *lex loci delicti*, the law of the place of the wrong, to tort actions . . . ." *Milton v. IIT Research Inst.*, 138 F.3d 519, 521 (4th Cir. 1998); *McMillan v. McMillan*, 253 S.E.2d 662, 663 (Va. 1979) (affirming *lex loci delicti* as the settled rule in Virginia and declining to adopt the balancing test set forth in the Restatement (Second) of Conflict of Laws). According to *lex loci delicti* ("*lex loci*"), a court applies "the law of the state in which the wrongful act took place, wherever the effects of that act are felt." *Milton*, 138 F.3d at 522. Stated another way, the place of the wrong is "where 'the last event necessary to make an act liable for an alleged tort takes place.'" *Quillen v. Int'l Playtex, Inc.*, 789 F.2d 1041, 1044 (4th Cir. 1986) (quoting *Miller v. Holiday Inns, Inc.*, 436 F. Supp. 460, 462 (E.D. Va. 1977)).

In this case, as best can be discerned from Plaintiff's Complaint, any injury to Plaintiff giving rise to his negligence claims occurred in Greensville County, Virginia at the time of his extradition. (Compl. ¶ 19.) Therefore, Virginia law applies to the resolution of Plaintiff's negligence claims. Plaintiff's negligence claim is a common law

tort claim, which is governed by Virginia's two-year statute of limitations for personal injury actions. *See* Va. Code § 8.01-243(A). Under Virginia law, the statute of limitations begins to run when the cause of action accrues, which is the "date the injury is sustained." Va. Code § 8.01-230. In Plaintiff's case, his injury accrued on May 9, 2013, when he was transported to the Wilson County Jail.[6] Therefore, Plaintiff was required to bring his negligence claim no later than May 9, 2015. Because Plaintiff filed this Complaint on April 2, 2019, his claims against Defendants Hopkins, Kearney, and City of Wilson in Count III for negligence are barred by the statute of limitations.

### c. Plaintiff Fails to State a § 1983 Claim Against Defendants

Several of Plaintiff's § 1983 claims remain against each of the Wilson Defendants. Against Defendants Rose and Hopkins, Plaintiff asserts claims of failure to supervise and failure to train, via § 1983. These claims fail to reach Defendant Rose because Rose is entitled to immunity from all claims arising from the exercise of his official duties, *see supra*. Therefore, Plaintiff's § 1983 claims for failure to supervise and failure to train against Defendant Rose in Count XI will be dismissed.

Although Plaintiff states a claim against Defendant Kearney for false arrest, this claim is best construed as one brought via § 1983. Plaintiff's Complaint does not provide the basis for his false arrest claim, and false arrest is not a separate claim from false imprisonment under either Virginia or North Carolina common law. *See Coughlan v. Jim*

---

[6] There is some ambiguity surrounding the date of Plaintiff's alleged false arrest and imprisonment (out of which the facts providing the basis for Plaintiff's negligence claim arise). The arrest and imprisonment either occurred on May 8, 2013 or May 9, 2013. (*See* Compl. ¶¶ 19–31; Defs.' Mem. Supp. 3.) However, because Plaintiff filed his Complaint on April 2, 2019, any existing discrepancy is immaterial for the purposes of this analysis.

*McKay Chevrolet, Inc.*, No. 90760, 1989 WL 646497, at *1 (Va. Cir. Nov. 13, 1989) (citing *Sands v. Norvell*, 101 S.E. 569 (Va. 1919)); *Mobley v. Broome*, 102 S.E.2d 407, 409 (N.C. 1958). It is, however, a separate actionable claim if brought via § 1983. *See Street v. Surdyka*, 492 F.2d 368, 371–72 (4th Cir. 1974) (involving a cause of action for false arrest under § 1983). Because construing Plaintiff's claim as one for false arrest under § 1983 is the most liberal construction permissible, the Court will analyze it as such. *See Laber*, 438 F.3d at 413 n.3.

The Court finds there are sufficient facts alleged in the Complaint to consider Defendants' statute of limitations affirmative defense to Plaintiff's § 1983 claims. *See Goodman*, 494 F.3d at 464. As a result, all of the remaining § 1983 claims[7] may be disposed of on the same grounds. For § 1983 claims, the statute of limitations is borrowed from state law. *See Owens v. Balt. City State's Attys. Office*, 767 F.3d 379, 388 (4th Cir. 2014). Because the most analogous cause of action is a personal injury claim, the applicable statute of limitations is the state statute of limitations for personal injury claims. *Owens v. Okure*, 488 U.S. 235, 249–50 (1989). The accrual date is similarly calculated. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). The conduct giving rise to Plaintiff's 1983 claims—the conduct that occurred in connection with Plaintiff's extradition—occurred in Virginia. Thus, because Virginia's method of determining the accrual date and two-year statute of limitations apply to Plaintiff's § 1983 claim,

---

[7] As best can be discerned from Plaintiff's Complaint, Plaintiff's remaining § 1983 claims at this stage are as follows: (1) failure to supervise and failure to train brought against Defendant Hopkins; (2) failure to supervise, failure to train, and false arrest brought against Defendant City of Wilson; and (3) false arrest brought against Defendant Kearney.

Plaintiff's claim in Count I against Defendant Kearney is barred by the statute of limitations, *see supra*. Finally, for the same reasons, Plaintiff's claims in Count XI against Defendants Hopkins and City of Wilson are likewise barred by the statute of limitations. As a result, Plaintiff's § 1983 claims in Counts I and XI against Defendants Kearney, Hopkins, and the City of Wilson will be dismissed.

## IV. CONCLUSION

Accordingly, insofar as Plaintiff's claims in Counts I, II, III, IV, VIII, and XI are brought against Defendant Wilson Police Department, the claims will be dismissed. To the extent Plaintiff's claims in Counts II, IV, and XI (specifically, Plaintiff's § 1983 claims for excessive force and deliberate indifference) are brought against Defendant City of Wilson, the claims will be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2). Finally, as Plaintiff's remaining claims in Counts I, III, V, VI, VII, VIII, X, and XI (specifically, Plaintiff's § 1983 claims for failure to train, failure to supervise, and false arrest) pertain to Defendants Rose, Hopkins, City of Wilson, and Kearney, the claims will be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Based on the foregoing analysis, Defendants' Motion to Dismiss will be granted.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Dec 9, 2019
Richmond, Virginia