# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Richmond Division

KARL ANTHONY TANKSLEY,　　)
　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　 )
　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　)　　Civil Action No. 3:19cv229–HEH
　　　　　　　　　　　　　　)
MAYOR C. BRUCE ROSE, *et al.*,　)
　　　　　　　　　　　　　　)
　　　　　Defendants.　　　　)

## MEMORANDUM OPINION
### (Granting Defendants' Motions to Dismiss)

This matter is currently before the Court on several motions filed by Defendants. Karl A. Tanksley ("Plaintiff"), who proceeds *pro se*, filed this suit against fifteen defendants on April 2, 2019 (Compl., ECF No. 1).[1] On May 15, 2019, Defendants City of Emporia, Emporia Police Department, and Officer Jerry L. Wright (collectively, the "Emporia Defendants") filed their Motion to Dismiss for Failure to State a Claim (ECF No. 10). Shortly thereafter, on May 16, 2019, Defendant Magistrate Thweatte G. Ozlin filed his Motion to Dismiss (ECF No. 12). Finally, Defendants Special Agent Justin Godwin, Donna Lamm, and Caroline Quinn filed an Omnibus Motion to Dismiss for

---

[1] Five of these defendants—Mayor C. Bruce Rose, Chief of Police Thomas Hopkins, Officer Eric S. Kearney, the City of Wilson, and the Wilson Police Department (collectively, the "Wilson Defendants")—filed their Motion to Dismiss for Failure to State a Claim on May 21, 2019 (ECF No. 18). The Court granted their Motion in a Memorandum Opinion issued December 9, 2019 (ECF No. 56). Therefore, this Memorandum Opinion will address only the remaining Motions to Dismiss in this matter. The relevant defendants—City of Emporia, Emporia Police Department, Officer Jerry L. Wright, Magistrate Thweatte G. Ozlin, Special Agent Justin Godwin, Donna Lamm, Caroline Quinn, and Wilson County Jail—will be collectively referred to as "Defendants" in this Memorandum Opinion unless otherwise indicated.

Failure to State a Claim on June 4, 2019 (ECF No. 32), and Defendant Wilson County Jail filed its Motion to Dismiss for Failure to State a Claim on June 7, 2019 (ECF No. 36). The Court will address all of Defendants' Motions in this Memorandum Opinion.

All parties have filed memoranda supporting their respective positions. (ECF Nos. 11, 13, 33, 37.) The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before it, and oral argument would not aid in the decisional process. *See* E.D. Va. Local Civ. R. 7(J). This Memorandum Opinion incorporates the facts set out in the Court's December 9, 2019 Opinion (ECF No. 56).[2]

In this lawsuit, Plaintiff brings claims against Defendants for false arrest, negligence, assault and battery, breach of duty, conspiracy against rights, perjury, violations of 18 U.S.C. § 242, and violations of 42 U.S.C. § 1983. Defendants now seek to dismiss these claims. For the reasons that follow, the Court will grant Defendants' Motions to Dismiss.[3]

---

[2] For a more extensive summation of the facts, see this Court's first Memorandum Opinion in this case.

[3] Plaintiff also filed a Motion for Summary Judgment and Memorandum in Support on December 11, 2019 (ECF No. 58). In an Order issued January 2, 2020 (ECF No. 63), the Court stayed briefing—with respect to Defendants City of Emporia, Emporia Police Department, Officer Wright, and Magistrate Ozlin—on Plaintiff's Motion pending resolution of their Motions to Dismiss. Therefore, the Court will not address Plaintiff's Motion in this Memorandum Opinion.

# I. STANDARD OF REVIEW

A motion made pursuant to Federal Rule of Civil Procedure 12(b)(2) challenges the court's exercise of personal jurisdiction over a defendant. "When a court's personal jurisdiction is properly challenged . . . the jurisdictional question thereby raised is one for the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence." *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir. 1993) (citations omitted). "If the existence of jurisdiction turns on disputed factual questions the court may resolve the challenge on the basis of a separate evidentiary hearing." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). When, as here, the court is asked to decide personal jurisdiction without an evidentiary hearing, it may do so based solely on the motion papers, supporting legal memoranda, and the relevant allegations of the complaint. *Mylan Labs*, 2 F.3d at 60. If the court proceeds in this fashion, "the plaintiff need prove only a *prima facie* case of personal jurisdiction," with the court drawing "all reasonable inferences arising from the proof, and resolv[ing] all factual disputes, in the plaintiff's favor." *Id.* (internal citations omitted).[4]

If the plaintiff makes the requisite showing, the defendant then bears the burden of presenting a "compelling case" that, for other reasons, the exercise of jurisdiction would be so unfair as to violate due process. *Burger King v. Rudzewicz*, 471 U.S. 462, 477–78

---

[4] "If a plaintiff makes a *prima facie* showing, this does not settle the issue, as the plaintiff must eventually prove by a preponderance of the evidence that the assertion of personal jurisdiction over the defendant is proper either at the trial or at an evidentiary hearing." *Jones v. Boto Co.*, 498 F. Supp. 2d 822, 825 n.5 (E.D. Va. 2007) (citing *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 n.5 (4th Cir. 2005)).

(1985).[5] Thus, "for a district court to assert personal jurisdiction over a nonresident defendant, two conditions must be satisfied: (1) the exercise of jurisdiction must be authorized under the state's long-arm statute; and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003).

The Supreme Court of Virginia has interpreted Virginia's long-arm statute, Va. Code § 8.01–328.1(A), to confer jurisdiction "over nonresidents who engage in some purposeful activity in Virginia, to the extent permissible under the Due Process Clause of the Constitution of the United States." *Nan Ya Plastics Corp. U.S.A. v. DeSantis*, 377 S.E.2d 388, 391 (Va. 1989). Thus, according to the United States Court of Appeals for the Fourth Circuit, the statutory and constitutional inquiries merge, and the reviewing court is not required "to go through the normal two-step formula for determining the existence of personal jurisdiction." *Owens-Illinois, Inc. v. Rapid Am. Corp. (In re Celotex Corp.)*, 124 F.3d 619, 627–28 (4th Cir. 1997).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in

---

[5] In the context of due process analysis, courts have distinguished between the exercise of general and specific jurisdiction. *See ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 624 (4th Cir. 1997). Here, Defendants' alleged contacts with the Commonwealth form the basis for the suit, and thus, this Court considers whether these contacts establish specific jurisdiction. *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 397 (4th Cir. 2003).

order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not assert "detailed factual allegations" but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." *Id.* (citations omitted). In considering such a motion, a plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff. *T.G. Slater & Son v. Donald P. & Patricia A. Brennan LLC*, 385 F.3d 836, 841 (4th Cir. 2004) (citation omitted). Legal conclusions enjoy no such deference. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court also acknowledges that *pro se* complaints are afforded a liberal construction. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). The Court, however, need not attempt "to discern the unexpressed intent of the plaintiff." *Id.* Nor does the requirement of liberal construction excuse a clear failure in the pleading to allege a federally cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). As the Fourth Circuit articulated in *Beaudett v. City of Hampton*, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." 775 F.2d 1274, 1278 (4th Cir. 1985). "Though [*pro se*] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in

the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Id.* at 1276.

## II. DISCUSSION

### A. Defendant Magistrate Ozlin is Entitled to Absolute Judicial Immunity

Defendant Magistrate Ozlin, a state Magistrate for District 6, serves as a judicial officer in the Commonwealth Virginia. As a result, he is entitled to immunity for actions taken within his jurisdiction. *See Stump v. Sparkman*, 98 S. Ct. 1099, 1105 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"); *see also* Va. Code § 19.2-119 (defining "judicial officer" to include magistrate); *Bellamy v. Gates*, 200 S.E.2d 533, 535 (Va. 1973) ("[J]udicial officers, acting within their jurisdiction, [are] exempt from liability in civil actions for their official acts."). This principle applies where money damages are sought. *Livingston v. Guice*, No. 94-1915, 1995 WL 610355, at *3 (4th Cir. 1995) (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)) ("[T]he common law has long recognized the 'immunity of judges from liability for damages for acts committed within their judicial jurisdiction.'").

In this case, Plaintiff brings claims against Defendant Magistrate Ozlin for false arrest, negligence, and breach of duty. These claims arise out of Plaintiff's allegations that he was falsely arrested in Greensville County, Virginia. (Compl. ¶ 19.) It is patently clear that, even if these alleged actions occurred, Defendant Magistrate Ozlin was acting within his authority as a Magistrate when he issued the arrest warrant for Plaintiff. *See*

Va. Code §§ 19.2-45, 19.2-72. As a result, Defendant Magistrate Ozlin was acting in his judicial capacity when the alleged acts giving rise to Plaintiff's claims occurred and is, thus, entitled to judicial immunity from civil liability because Plaintiff seeks only monetary relief. Therefore, to the extent Plaintiff's claims in Counts I, III, and VI are brought against Defendant Magistrate Ozlin, they will be dismissed.

## B. Defendant Wilson County Jail is an Improper Party

Defendant Wilson County Jail is an improper party in this action, as it is not an entity capable of being sued. State law determines whether a governmental body has the capacity to be sued in federal court. Fed. R. Civ. P. 17(b)(2). The Wilson County Jail was organized under the laws of North Carolina; therefore, North Carolina law determines its capacity to be sued.

Under North Carolina law, "the capacity to be sued exists only in persons in being" unless a statute provides otherwise. *Wilson v. Fayetteville Police Dep't*, No. 5:13-CV-178, 2014 WL 555663, at *1 (E.D.N.C. Feb. 11, 2014) (citing *McPherson v. First Citizens Nat'l Bank*, 81 S.E.2d 386, 397 (N.C. 1954)). Plaintiff directs the Court to no North Carolina statute authorizing suit against a jail. Furthermore, "North Carolina federal courts have [] repeatedly held that county jails are not subject to suit under § 1983." *Hill v. Randolph County Sheriff Dep't*, 1:18CV148, 2019 WL 873699, at *2 (W.D.N.C. Feb. 22, 2019) (citing *Tate v. Franklin*, No. 1:09CV230, 2010 WL 2266995, at *1, *2 (M.D.N.C. June 3, 2010)). This follows from the conclusion that a jail is a not a person within the meaning of § 1983. *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001).

Thus, this Court finds that the claims against Defendant Wilson County Jail must be dismissed because it does not exist as a separate legal entity and is not capable of being sued. Plaintiff brings six claims against Defendant Wilson County Jail: assault and battery, and five violations of § 1983. Therefore, insofar as the claims in Counts IV and XI are brought against Defendant Wilson County Jail, they will be dismissed.

### C. The Court's Exercise of Personal Jurisdiction Over Plaintiff's Claims Against Defendants Quinn, Lamm, and Godwin

Because it has jurisdictional implications, the Court must initially address Defendants Quinn's, Lamm's, and Godwin's challenge to personal jurisdiction under Fed. R. Civ. P. 12(b)(2). Under the Due Process Clause, a court may exercise personal jurisdiction over a nonresident defendant only if the defendant has "certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945). Thus, the question for the Court is whether Defendants Quinn, Lamm, and Godwin have minimum contacts with Virginia so as to satisfy the requirements of due process. To establish minimum contacts, the Fourth Circuit considers (1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the forum state; (2) whether the plaintiff's claims arise out of those activities; and (3) whether the exercise of personal jurisdiction is constitutionally reasonable. *Tire Eng'g & Distrib., LLC v. Shandong Linglong Rubber Co.*, 682 F.3d 292, 302 (4th Cir. 2012).

Plaintiff asserts a variety of claims against Defendants Godwin, Lamm, and Quinn. Against Defendant Godwin, Plaintiff brings claims for false arrest, negligence,

8

conspiracy against rights, breach of duty, kidnapping, and perjury. Plaintiff also brings claims for negligence and breach of duty against Defendant Lamm. Finally, against Defendant Quinn, Plaintiff brings claims for conspiracy against rights and violations of § 242. Virginia is the forum chosen by Plaintiff for all of these claims. *See Int'l Shoe Co. v. Wash.*, 326 U.S. at 316 ("A court may exercise personal jurisdiction over a nonresident defendant only if the defendant has *'certain minimum contacts' with the forum state* . . . .") (emphasis added). Yet, the entirety of the misconduct alleged with respect to the claims against Defendants Lamm and Quinn occurred in the state of North Carolina.[6] (*See* Compl. ¶¶ 57–62.) As a result, it is patently clear that Defendants Lamm and Quinn made insufficient minimum contacts with the state of Virginia to justify this Court's exercise of personal jurisdiction over Plaintiff's claims for negligence and breach of duty against Defendant Lamm, and for conspiracy against rights and violations of § 242 against Defendant Quinn. Thus, Plaintiff's claims against Defendant Lamm in Counts III and VI, and Defendant Quinn in Counts V and X, will be dismissed.

As best as can be discerned, Plaintiff's claims against Defendant Godwin—kidnapping, conspiracy against rights, negligence, breach of duty, perjury, and false arrest via § 1983—all arise out of the same facts.[7] (*See* Compl. ¶¶ 17–22, 26–31.) Plaintiff's

---

[6] In his statement of facts, Plaintiff mentions Defendant Lamm in relation to the facts surrounding Plaintiff's extradition from Virginia to North Carolina. (Compl. ¶ 19.) However, because Plaintiff only names Defendant Lamm in Counts III and VI, this Court will not construe Plaintiff's statement regarding Defendant Lamm as an assertion of a claim for conspiracy against rights against Defendant Lamm as she is not named in Count V.

[7] As is the case with Defendant Lamm, Plaintiff appears to mention Defendant Godwin in relation to alleged activity at the Wilson County Superior Courthouse. (Compl. ¶ 57.) However, Plaintiff does not include Defendant Godwin in any counts related to this alleged activity.

Complaint does not clearly articulate Defendant Godwin's contacts with the state of Virginia, but it appears that any such contacts arose from Plaintiff's extradition from Virginia to North Carolina. (*Id.*) Based on Plaintiff's Complaint, the alleged activity either occurred within the state of Virginia at a correctional facility in Greensville County in connection with Plaintiff's extradition or was specifically directed at Virginia during the extradition process. (*Id.*) Thus, drawing all reasonable inferences in Plaintiff's favor, this Court finds Defendant Godwin's contacts with the state of Virginia are sufficient to demonstrate Defendant purposefully availed himself of the benefits of Virginia's laws and to render the exercise of personal jurisdiction constitutionally reasonable.

Another reviewing court has found the process of extradition sufficient to create personal jurisdiction over the extraditing officer(s) who request and arrange for the extradition of a fugitive to a non-forum state. *See Lee v. City of Los Angeles*, 250 F.3d 668, 693–94 (9th Cir. 2001) (finding that they purposefully availed themselves of the privilege of conducting activities in the forum state, the court relied upon activities such as requesting forum state officials to assist in the extradition, regularly communicating with forum state authorities, and traveling to the forum state to escort the fugitive). Although the specific details of Plaintiff's claims against Defendant Godwin are difficult to discern from Plaintiff's Complaint, his allegations must be construed liberally. *See Laber*, 438 F.3d at 413 n.3. Therefore, as it pertains to Plaintiff's claims against

---

Accordingly, this Court will not construe Plaintiff's statement as an assertion of another claim against Defendant Godwin and will consider only those claims in which Defendant Godwin was named.

Defendant Godwin in Counts I, III, V, VI, VIII, and IX, the Court finds it appropriate to exercise personal jurisdiction.

Accordingly, Defendants Quinn's, Lamm's, and Godwin's Motion to Dismiss under Fed. R. Civ. P. 12(b)(2) will be granted to the extent that it pertains to Plaintiff's claims against Defendant Lamm in Counts III and VI, and Defendant Quinn in Counts V and X. However, with respect to Plaintiff's claims against Defendant Godwin—kidnapping, conspiracy against rights, negligence, breach of duty, perjury, and false arrest via § 1983—Defendants Quinn's, Lamm's, and Godwin's Motion to Dismiss under Fed. R. Civ. P. 12(b)(2) will be denied as to jurisdiction.

### D. Plaintiff Fails to State a Claim Against Defendants

#### i. Plaintiff Fails to State Claims Against Defendants City of Emporia and Emporia Police Department

Plaintiff's Complaint fails to present any allegations against Defendants City of Emporia and Emporia Police Department. The Complaint is conspicuously devoid of any mention of these Defendants apart from initially naming them as Defendants. Not only are Defendants City of Emporia and Emporia Police Department not mentioned in Counts One through Eleven, but Plaintiff also fails to include any reference to these Defendants in his recitation of the facts. (Compl. at 2–9.) Therefore, this Court finds that Plaintiff fails to state a plausible claim against Defendants City of Emporia and Emporia Police Department.

### ii. The Criminal Provisions do not Provide Bases for Civil Causes of Action

Plaintiff's conspiracy against rights, kidnapping, and perjury claims fail because Plaintiff does not provide an appropriate basis for any such civil cause of action against Defendants Wright and Godwin. In Count VIII, Plaintiff names Defendant Godwin and makes allegations of kidnapping pursuant to 18 U.S.C. § 1201. In Count V, Plaintiff alleges that Defendant Godwin violated 18 U.S.C. § 241, engaging in a "conspiracy against rights." However, §§ 241 and 1201 are criminal provisions and do not provide bases for civil causes of action. *See* 18 U.S.C. §§ 241, 1201. Plaintiff also accuses both Defendants Wright and Godwin of perjury pursuant to 18 U.S.C. § 1623. However, with regard to any such potential perjury claim, no civil cause of action exists. *See* 18 U.S.C. § 1623. Therefore, Plaintiff's claims against Defendants Wright and Godwin in Counts V, VIII, and IX for conspiracy against rights, kidnapping, and perjury will be dismissed for failure to state a plausible claim.

### iii. Plaintiff Fails to State Claims for Negligence Against Defendants Wright and Godwin

Plaintiff asserts claims against Defendants Wright and Godwin for "Breach of Duty." Although it is not clear what a "Breach of Duty" claim entails, it appears to be a claim for negligence—if Plaintiff's Complaint is construed liberally. Thus, this Court will interpret Plaintiff's "Breach of Duty" claims against Defendants Wright and Godwin as negligence claims. Because Plaintiff already brings specific claims for negligence against Defendants Wright and Godwin, Plaintiff's "Breach of Duty" claims will be

considered duplicative, and the Court will proceed only with Plaintiff's specific claims for negligence.

When reviewing a 12(b)(6) motion, the Court "generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred"; however, the Court may consider an affirmative defense when there are sufficient facts alleged in the Complaint to address the issues raised. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). Before doing so, the Court must determine which state's substantive law applies to the claim.

A federal district court exercising diversity jurisdiction applies the choice-of-law rules of the forum state. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941). "Virginia applies the *lex loci delicti*, the law of the place of the wrong, to tort actions . . . ." *Milton v. IIT Research Inst.*, 138 F.3d 519, 521 (4th Cir. 1998); *McMillan v. McMillan*, 253 S.E.2d 662, 663 (Va. 1979) (affirming *lex loci delicti* as the settled rule in Virginia and declining to adopt the balancing test set forth in the Restatement (Second) of Conflict of Laws). According to *lex loci delicti* ("*lex loci*"), a court applies "the law of the state in which the wrongful act took place, wherever the effects of that act are felt." *Milton*, 138 F.3d at 522. Stated another way, the place of the wrong is "where 'the last event necessary to make an act liable for an alleged tort takes place.'" *Quillen v. Int'l Playtex, Inc.*, 789 F.2d 1041, 1044 (4th Cir. 1986) (quoting *Miller v. Holiday Inns, Inc.*, 436 F. Supp. 460, 462 (E.D. Va. 1977)).

In this case, as best can be discerned from Plaintiff's Complaint, any injury to Plaintiff giving rise to his negligence claim against Defendant Wright occurred in

13

Greensville County, Virginia in connection with his extradition. (Compl. ¶ 19.) Plaintiff's negligence claim is a common law tort claim, and, in Virginia, such claims are governed by Virginia's two-year statute of limitations for personal injury actions. *See* Va. Code § 8.01-243(A). Under Virginia law, the statute of limitations begins to run when the cause of action accrues. Va. Code § 8.01-230. In Plaintiff's case, his injury accrued on or around May 9, 2013, when he was transported to the Wilson County Jail.[8] Therefore, Plaintiff was required to bring his negligence claim against Defendant Wright no later than May 9, 2015. Because Plaintiff filed this Complaint on April 2, 2019, his claim against Defendant Wright in Count III for negligence is barred by the statute of limitations.

With regard to Plaintiff's negligence claim against Defendant Godwin, any injury to Plaintiff giving rise to his negligence claim against Defendant Godwin occurred in North Carolina in connection with his extradition. (Compl. ¶ 26.) Therefore, North Carolina law applies to the resolution of this claim. *See Charnock v. Taylor*, 26 S.E.2d 911 (N.C. 1943) (recognizing *lex loci delicti* as the rule in North Carolina). On this issue, North Carolina law extends the same protections as federal law. *State v. Carter*, 370 S.E.2d 553, 556 (N.C. 1988) ("[A]n individual's constitutional rights under the

---

[8] There is some ambiguity surrounding the date of Plaintiff's alleged false arrest and imprisonment (out of which the facts providing the basis for Plaintiff's negligence claims arise). The arrest and imprisonment either occurred on May 8, 2013 or May 9, 2013. (*See* Compl. ¶¶ 19–31; Defs.' Mem. Supp. 3.) However, because Plaintiff filed his Complaint on April 2, 2019, any existing discrepancy is immaterial for the purposes of this analysis.

14

Constitution of North Carolina must receive at least the same protection as such rights are accorded under the Federal Constitution.").

Here, Plaintiff's negligence claim is predicated only on Defendant Godwin's failure to further investigate Plaintiff's claims of innocence. The Fourth Circuit has held that, in pursuing an investigation, an officer owes no greater duty of care than ensuring probable cause exists. *See McKinney v. Richland Cty. Sheriff's Dep't*, 431 F.3d 415, 418–19 (4th Cir. 2005). Therefore, because Defendant Godwin did not have a duty to further investigate Plaintiff's protestations, Plaintiff fails to state a claim for negligence under North Carolina law. Therefore, his claim against Defendant Godwin in Count III for negligence will be dismissed.

### iv. Plaintiff Fails to State § 1983 Claims Against Defendants Wright and Godwin

Although Plaintiff asserts substantive claims against Defendants Wright and Godwin for false arrest, these claims are best construed as false arrest claims brought via § 1983. False arrest is not a separate claim from false imprisonment under either Virginia or North Carolina common law. *See Coughlan v. Jim McKay Chevrolet, Inc.*, No. 90760, 1989 WL 646497, at *1 (Va. Cir. Nov. 13, 1989) (citing *Sands v. Norvell*, 101 S.E. 569 (Va. 1919)); *Mobley v. Broome*, 102 S.E.2d 407, 409 (N.C. 1958). False arrest is, however, a separate actionable claim if brought via § 1983. *See Street v. Surdyka*, 492 F.2d 368, 371–72 (4th Cir. 1974) (involving a cause of action for false arrest under § 1983). Plaintiff's Complaint does not provide a legal or factual basis for his free-standing false arrest claims, but Plaintiff *does* assert claims for false imprisonment

against Defendant City of Wilson Police Department. (*Id.* at 9–10.) Thus, because construing Plaintiff's claims as claims for false arrest under § 1983 is the most liberal construction permissible, the Court will analyze them as such.[9] *See Laber*, 438 F.3d at 413 n.3.

Plaintiff also asserts that Defendant Wright violated § 1983 by "wrongfully arrest[ing] and confin[ing] Plaintiff." (Compl. at 15.) Because the Court will consider Plaintiff's above-mentioned claim for false arrest against Defendant Wright as a claim brought via § 1983, Plaintiff's remaining § 1983 claim against Defendant Wright is, therefore, duplicative because it also appears to state a claim for false arrest under § 1983. Thus, the Court will proceed by considering only two claims for false arrest, both brought under § 1983, against Defendants Wright and Godwin.

The Court finds there are sufficient facts alleged in the Complaint to consider Defendant Wright's statute of limitations affirmative defense to Plaintiff's § 1983 claim. *See Goodman*, 494 F.3d at 464. As a result, Plaintiff's § 1983 claim against Defendant Wright may be disposed of on the same grounds as his negligence claim against Defendant Wright. For § 1983 claims, the statute of limitations is borrowed from state law. *See Owens v. Balt. City State's Attys. Office*, 767 F.3d 379, 388 (4th Cir. 2014). Because the most analogous cause of action is a personal injury claim, the applicable statute of limitations is the state statute of limitations for personal injury claims. *Owens v. Okure*, 488 U.S. 235, 249–50 (1989). The accrual date is similarly calculated.

---

[9] This construction is consistent with the Court's December 9, 2019 Opinion.

*Wallace v. Kato*, 549 U.S. 384, 388 (2007). The conduct giving rise to Plaintiff's § 1983 claim against Defendant Wright—the conduct that occurred in connection with Plaintiff's extradition—occurred in Virginia. Thus, because Virginia's method of determining the accrual date and two-year statute of limitations apply to Plaintiff's § 1983 claim, Plaintiff's claim in Count I against Defendant Wright is barred by the statute of limitations, *see supra*. For the same reasons, Plaintiff's § 1983 claim in Count XI against Defendant Wright is likewise barred by the statute of limitations. As a result, Plaintiff's § 1983 claims in Counts I and XI against Defendant Wright will be dismissed.

Finally, with respect to Plaintiff's § 1983 claim for false arrest against Defendant Godwin, Plaintiff's claim fails because Plaintiff does not allege or attempt to demonstrate Defendant Godwin lacked probable cause. The Fourth Circuit has found that "there is no cause of action for 'false arrest' under section 1983 unless the arresting officer lacked probable cause.'" *Street*, 492 F.2d at 371–72. Plaintiff's Complaint contains no more than "labels and conclusions" that Defendant Godwin's actions were unlawful and false. *Twombly*, 550 U.S. at 555. Conspicuously absent is any factual basis to support such a claim. Therefore, Plaintiff fails to state a § 1983 claim for false arrest in Count I against Defendant Godwin. As a result, Plaintiff's § 1983 claim for false arrest in Count I against Defendant Godwin will be dismissed.

### III. CONCLUSION

Accordingly, insofar as Plaintiff's claims in Counts IV and XI are brought against Defendant Wilson County Jail, and Plaintiff's claims in Counts I, III, and VI are brought against Defendant Ozlin, the claims will be dismissed. To the extent Plaintiff's claims in

17

Counts III and VI are brought against Defendant Lamm, and Plaintiff's claims in Counts V and X are brought against Defendant Quinn, the claims will be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2). Finally, as Plaintiff's remaining claims in Counts I, III, V, VI, VIII, IX, and XI pertain to Defendants City of Emporia, Emporia Police Department, Wright, and Godwin, the claims will be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Based on the foregoing analysis, Defendants' Motions to Dismiss will be granted.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Jan. 7, 2020
Richmond, Virginia